SARAH W. JONES *vs.* HENRY SIMPSON and another,
administrators.

*Witness—husband and wife—competency of.*

Under the provisions of R. S. c. 82, in the trial of an action by a married woman
against the administrator of the estate of a deceased person, the husband of the
plaintiff cannot testify to facts happening before the death of the defendant's
intestate, unless the latter had testified in the case, or the administrator offers
his own testimony.

ON EXCEPTIONS.

ASSUMPSIT on account for $121.75, for medicines furnished defendants' intestate.

The plaintiff offered her husband, Henry Jones, as a witness,
to matters happening before the decease of the defendants' intestate. She objected to the competency of the witness, and the
judge sustained the objection, neither of the defendants having testified. And the plaintiff alleged exceptions.

The jury returned a verdict for $5, which the plaintiff moved to
be set aside upon the ground that it was against the weight of evidence.

*Bradbury & Bradbury*, for the plaintiff.

*E. Eastman* (and *I. T. Drew* with him), for the defendants.

APPLETON, C. J. The defendants are sued as administrators.
The plaintiff is not a witness as to facts previous to the death of
their intestate.

As the plaintiff is not a witness, so neither is her husband, he
being in the same condition as his wife. He was, therefore, properly
excluded.

By the general provisions of R. S. 1871, c. 82, § 82, "the husband or wife of either party may be a witness, when either is called
to testify, with the consent of the other." By § 87 this provision

is not applicable to suits in which executors, administrators, or heirs are parties, except in special cases, among which the present is not included.

There is nothing to show that the plaintiff was legally or equitably entitled to receive a larger sum than that for which the verdict was rendered. *Exceptions and motion overruled.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.